UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-22650-CIV-COOKE/BANDSTRA

JORGE ABONDANO SAA and
MONICA ABONDANO SAA.

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,
a foreign corporation,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court on Plaintiff's Motion to Compel Discovery (D.E. 25) filed on March 15, 2010. Previously, all non-dispositive (discovery) motions were referred to the undersigned for appropriate proceedings by the Honorable Marcia G. Cooke pursuant to 28 U.S.C. §636(b). Accordingly, the undersigned conducted a hearing on this motion on May 11, 2010; and thereafter received additional filings discussed and allowed at the May 11 hearing. Following full review of the pleadings, the Court file and applicable law, and in consideration of oral argument of counsel, it is hereby

ORDERED AND ADJUDGED as follows:

    a. Plaintiff's Motion is GRANTED as to Request for Production No. 50 with the exception of any documents that contain confidential financial information of any Bank of America employees, customers, or non-parties to this case other than Jorge Abonano Melendez ("JA"). In so ordering, the Court overrules defendant's objections based on attorney-client and/or work produce privileges finding that defendant has waived any such privileges by disclosing the requested documents to law enforcement officials or agencies

including the United States Secret Service and the United States Attorney's Office. See *Westinghouse Elec. Corp. v. Republic of Phillipines*, 951 F.2d 1414, 1418 (3d Cir. 1991); *In Re Colombia/HCA Healthcare Corporation Billing Practices Litigation*, 293 F.3d 289, 295-307 (6th Cir. 2002). The Court also rejects defendant's selective waiver theory consistent with the decisions in *Baratta v. Homeland Housewares*, LLC, 242 F.R.D. 641, 643 (S.D. Fla. 207); and *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch, Inc.*, 2010 WL 503082, at *7 (N.D. Fla. 2010). Thus, defendant shall produce all such documents, with the redaction of customer identifiers and non-party information if necessary, including all documents listed in defendant's Privilege Law No. 5, within ten days of the date of this Order. Defendant need not produce any "suspicious activity reports" which are protected from disclosure under 12 CFR 21.11 and 31 U.S.C. § 5318.

b. Plaintiff's Motion is GRANTED as to Request for Production No. 52 solely to the extent that defendant shall produce any transcripts or written statements given by Ricardo Figueredo relating to the loss allegedly sustained by JA. In so ruling, the Court overrules defendant's objections finding that any transcripts or other written statements of Ricardo Figueredo concerning JA's alleged loss are relevant and that production of such documents is not overly broad or burdensome. The Court further finds that defendant has waived any work product privilege with respect to such documents by virtue of the testimony of defendant's senior investigator at the sentencing of Figueredo in the criminal case. See *Stern v. O'Quinn*, 353 F.R.D. 663, 675-86 S.D. Fla. 2008). Thus, defendant shall produce any and all writtten statements or transcripts of Ricardo Figueredo as they relate solely to the theft of JA's certificates of deposit within ten days of the date of this

Order.

    c. Plaintiff's Motion is GRANTED with respect to Request for Production No. 53 to the extent that defendant shall produce all requested documents by producing, within 10 days of the date of this Order, all documents reflecting statements made by JA at meetings with defendant's employees and/or agents after April 1, 2008. In so ordering, the Court finds that such documents are relevant to issues involved in this case and are not protected from discovery by either the attorney-client or work product privileges under the circumstances of this case. The Court further finds that these specific documents do not contain confidential financial information relating to other Bank of America employees, customers and/or non-parties which are subject to constitutional privilege and/or due process rights protected from disclosure as a matter of law by Court Order in any other case. Finally, the Court finds that plaintiffs do not request of any "suspicious activity reports" which are protected from disclosure under 12 C.F.R. 21.11 and 31 U.S.C. § 5318.

    By brief explanation, the Court, in ordering this production, notes that plaintiffs have narrowed Request No. 53 to statements made by JA during interviews conducted of JA by Bank of America employees and/or representatives. Regarding defendant's objections to production of such statements, the Court overrules defendant's objection that this request "implicitly seeks documents protected by the attorney-client privilege and work product privilege because such documents somehow reflect "the bank's internal investigation of Figueredo" or because such documents were created while the parties were in engaged in "settlement discussions" prior to the commencement of this case. The Court finds that interviews of JA were not for the purpose of settling potential claims and that any recorded statements of JA are not privileged simply because a Bank of America

attorney took such statement or was present during such statement. *See In Re Grand Jury Matter*, 929 F.2d 995, 997 (11th Cir. 1992) (attorney-client privilege only protects confidential communications between an attorney and his client regarding the matter of representation). Clearly, JA never had an attorney-client relationship with any Bank of America attorney so that the attorney-client is privileged is not applicable here.

Regarding the work product privilege, the Court finds that plaintiffs are entitled to JA's recorded statements, if any, notwithstanding the likelihood of litigation due to Figueredo's unlawful activities while employed by Bank of America. In this regard, the Court finds that plaintiffs have established good cause for the production of this relevant information in that JA is now deceased and have shown a substantial need for this particular discovery without any other means to obtain this discovery. *See* F.R.Civ.P. 26(b)(1); *Hanson v. Gartland Steamship Co.*, 34 F.R.D. 493, 495 (N.D. Ohio 1964). Thus, Bank of America is required to produce these documents but is permitted to redact any opinions of Bank of America representatives, including attorneys, that may be contained in or on such statements. *See Williamson v. Moore*, 221 F.3d 1177, 1182-83 (11th Cir. 2000).

DONE AND ORDERED in Chambers, at Miami, Florida this 25th day of May, 2009.

_____
Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Marcia G. Cooke
All counsel of record